1  FRANK KELLY (SBN 83473)
   fkelly@shb.com
2  AMIR NASSIHI (SBN 235936)
   anassihi@shb.com
3  EDWARD B. GAUS (SBN 289561)
   egaus@shb.com
4  **SHOOK, HARDY & BACON L.L.P.**
   555 Mission Street, Suite 2300
5  San Francisco, CA 94105
   Tel: (415) 544-1900/Fax: (415) 391-0281
6
7  Attorneys for Defendant
   BAYER HEALTHCARE LLC,
8  erroneously sued as BAYER CORPORATION

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS JR; APRIL CASILLAS; SAUL SANCHEZ; AND LILLIAN SOTO,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 3:23-cv-01609<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from Alameda County Superior Court Case No.: 23CV028329) |

Defendant BAYER HEALTHCARE LLC, erroneously sued as BAYER CORPORATION ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of defenses, hereby removes the state court action captioned *Ben Casillas, Jr., April Casillas; Saul Sanchez; and Lillian Soto v. Bayer Corporation and Does 1 through 100,* in the Superior Court of California, County of Alameda, Case No. 23CV028329, (the "Action"), to the United States District Court for the Northern District of California. In support of this Notice of Removal, Defendant states the following:

**THE REMOVED CASE**

1.  The removed case is a civil action filed on February 23, 2023 by Plaintiffs Ben Casillas, Jr., April Casillas; Saul Sanchez; and Lillian Soto ("Plaintiffs"), in the Superior Court of California, County of Alameda, and captioned *Ben Casillas, Jr., April Casillas; Saul Sanchez; and

*Lillian Soto v. Bayer Corporation and Does 1 through 100,* in the Superior Court of California, County of Alameda, Case No. 23CV028329.. (*See* Plaintiffs' Complaint ("Complaint"), attached hereto as **Exhibit A**.

2. This action arises out of injuries allegedly sustained by Plaintiffs related to a fire at a manufacturing plant owned and operated by Defendant.

3. Plaintiffs' Complaint seeks damages for economic and non-economic damages for the injuries alleged. (Complaint, Pg. 1). Plaintiffs' economic damages seek recovery for the lost wages and medical expenses. (*Id.* at Pg. 8). Plaintiffs' non-economic damages include the loss of consortium. (*Id.*).

## PAPERS FROM REMOVED ACTION

4. Pursuant to 28 U.S.C. § 1446(a), Defendant attach to this Notice of Removal a copy of the state court file, including all process, pleadings and other papers of every kind.  (*See* **Exhibit B**).

## THE REMOVAL IS TIMELY

5. Plaintiffs filed this Action in the aforementioned state court on February 23, 2023. Defendant was served with Plaintiffs' Complaint on March 7, 2023.  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

## VENUE IS PROPER

6. The Oakland division is a proper venue for this Action under Civil Local Rule 3-2(d) because this Action is being removed from the Superior Court of California, County of Alameda (*See generally* Complaint).

## DIVERSITY OF CITIZENSHIP EXISTS

7. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. § 1441 and 1446.

8. At all times relevant hereto, Plaintiffs allege to have been citizens of California. Upon information and belief, Plaintiffs were, at the time of the commencement of this Action, citizens of California.

9. Bayer Healthcare LLC is a Delaware corporation with its principal place of business in the State of New Jersey. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Bayer Healthcare LLC is a citizen of the States of Delaware and Massachusetts and is not a citizen of California for purposes of determining diversity jurisdiction.

10. For purposes of removal, the citizenship of defendant sued under fictitious names is disregarded. 28 U.S.C § 1441(a).

11. Bayer Healthcare LLC erroneously sued as Bayer Corporation (also a non-California entity, hence complete diversity would also exist) hereby removes this case. To the extent erroneously named party Bayer Corporation's consent is required, it has consented to this removal of this action.

12. Because Plaintiffs are citizen of California and Defendant is not, complete diversity exists under 28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

13. It is clear from the face of the Complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. (*See* Complaint).

14. To determine the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages, and attorneys' fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449–50 (S.D. Cal. 1995). The "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Courts may use "judicial experience and common sense" in determining whether it is "facially apparent" that the amount in controversy is satisfied. *Dourian v. Stryker Corp.*, No. CV 12-1790 DSF (CWX), 2012 WL 12893752, at *1 (C.D. Cal. Apr. 25, 2012).

15. Plaintiffs' Complaint states that this Action is an unlimited (exceeds $25,000) and

seeks both economic and non-economic damages for wrongful death of Decedent. (*See* generally Complaint). Plaintiffs claim that on January 21, 2023, Ben Casillas Jr. and Saul Sanchez were performing work in their course and scope of employment with employer Anderson Commercial Flooring at a manufacturing facility owned by Defendant. (*Id.* at ¶ 13-14). Plaintiffs allege that PPE provided by Defendant caught fire while Plaintiffs were removing a lag bolt from the floor, causing severe burns. (*Id.* at ¶ 26). Plaintiffs' Complaint contains causes of action for negligence, premises liability, and loss of consortium. (*Id.* at ¶¶ 16-27). Plaintiffs seek both economic and non-economic damages. Plaintiffs' economic damages seek recovery for the loss of past and future wage losses, hospital and medical expenses. (*Id.* at Pg. 8). Plaintiffs' non-economic damages include the loss of consortium, including, but not limited to loss of care, love, companionship, comfort, society, moral support, assistance, affection, protection and sexual relations. (*Id.* at ¶ 37).

16. In determining whether the amount in controversy is proper for diversity jurisdiction, the Ninth Circuit has "... endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.* 319 F.3d 1089, 1090 (9th Cir.2003); citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (9th Cir.1995)). Hence, *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 881 (5th Cir. 2000) is instructive. There, the Fifth Circuit found it was apparent from the face of the complaint that the alleged damages resulting from a slip and fall for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount. *See also Campbell v. Bridgestone/Firestone, Inc.*, No. 1:05-cv-01499-FVS-DLB, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where plaintiff asserted strict products liability, negligence, and breach of warranty claims, and allegedly suffered head trauma and broken bones); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that allegations of damages to property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation and an inability to do housework met the jurisdictional amount). Similarly, and even more so than in *Gebbia*, it is facially

apparent from the nature of Plaintiffs' alleged claims, resulting injuries, and damages that the amount in controversy exceeds $75,000.  Therefore, Defendant may remove this Action to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this Action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California; (ii) this Action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**REMOVAL IS OTHERWISE PROPER**

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will promptly be served to Plaintiffs' counsel.

18. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Defendant have filed a Notice of Filing of Notice of Removal, including a true and correct copy of the Notice of Removal, with the Clerk of the Superior Court of California, County of Alameda.

19. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California, and this cause is removable to the United States District Court for the Northern District of California.

20. The undersigned is authorized by Defendant to file this Notice of Removal, is licensed in the State of California, and is a member of good standing of the Bar and this Court.

21. If any question arises as to the propriety of the removal of this Action, Defendant request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) failure to state a claim; and (5) any other procedural or substantive defense available under state or federal law.

///

///

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant hereby respectfully removes this Action from the Superior Court of California, County of Alameda, and requests that further proceedings be conducted in this Court.

Dated:  April 4, 2023                                         SHOOK, HARDY & BACON L.L.P.

                                                              By: _____
                                                              Edward B. Gaus
                                                              Attorneys for Defendant
                                                              BAYER HEALTHCARE LLC,
                                                              erroneously sued as BAYER CORPORATION