# EXHIBIT A

Robert S. Arns, State Bar No. 65071
rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346
jed@arnslaw.com
Zachariah D. Hansen, State Bar No. 267755
zdh@arnslaw.com
**ARNS DAVIS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/23/2023 at 07:57:57 AM
By: Angela Linhares,
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA
CIVIL UNLIMITED

BEN CASILLAS, JR; APRIL CASILLAS; SAUL SANCHEZ; AND LILIAN SOTO;

Plaintiffs,

vs.

BAYER CORPORATION and DOES 1 to 100, inclusive

Defendants.

No. 23CV028329

**UNVERIFIED COMPLAINT FOR DAMAGES**

**[REQUEST FOR JURY TRIAL]**

-1-

UNVERIFIED COMPLAINT FOR DAMAGES

The following is a complaint for personal injury, brought by Plaintiffs BEN CASILLAS JR, APRIL CASILLAS, SAUL SANCHEZ and LILIAN SOTO by and through their attorneys, Arns Davis Law Firm, who allege on information and belief as follows:

## PARTIES

1. Plaintiff BEN CASILLAS JR. is a resident of the State of California.

2. Plaintiff APRIL CASILLAS is the lawfully married spouse of BEN CASTILLAS JR at all relevant times within this complaint and is a resident of the State of California.

3. Plaintiff SAUL SANCHEZ is a resident of the State of California.

4. Plaintiff LILIAN SOTO is the lawfully married spouse of SAUL SANCHEZ at all relevant times within this complaint and is a resident of the State of California.

5. Defendant BAYER CORPORATION has its principal place of business in California located at 800 Dwight Way, Berkeley, California 94710. Defendant BAYER CORPORATION is in the business of biomanufacturing within the State of California.

6. The true names and capacities of Defendants sued in the Complaint under the fictitious names of Does 1 through 100, inclusive, are unknown to Plaintiffs who therefore sue such Defendants by such fictitious names.

7. All Defendants described above shall collectively be referred to as "Defendants" in this Complaint.

8. Whenever reference is made in this complaint o any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants named in that cause of action.

9. Whenever reference is made in this complaint to any act of any corporate or other business Defendant, such allegation shall mean that such corporation or other business did the acts alleged in the Complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

10. At all relevant times, each of the Defendants has acted as an agent, representative, or

UNVERIFIED COMPLAINT FOR DAMAGES

employee of each of the other Defendants and has acted within the course and scope of said agency or representation or employee with respect to the causes of action in this Complaint.

11. At all relevant times, each Defendant has committed the acts, caused other to commit the acts, or permitted others to commit the acts referred to in this complaint.

**VENUE**

12. Venue in this action is proper in the County of Alameda based upon the fact that the injury suffered by Plaintiffs herein occurred at a location controlled by the County of Alameda.

**FACTUAL ALLEGATIONS**

13. On or about January 17, 2023, Plaintiffs BEN CASILLAS JR and SAUL SANCHEZ were in the course and scope of their employment with their employer, Anderson Commercial Flooring. Plaintiffs were employed as a Key Installers working at Bayer West Berkeley Manufacturing Facility, located at 800 Dwight Way, Berkeley, California 94710 ("Subject Premise").

14. On or about January 17, 2023, BAYER CORPORATION had contracted with Plaintiffs' employer to perform a repair job inside the imaging lab of the Bayer West Berkeley Manufacturing Facility.

15. On or about January 17, 2023, Plaintiffs BEN CASILLAS JR and SAUL SANCHEZ suffered severe 2nd and 3rd degree burns to their entire body when the fire occurred inside the imaging lab of the Subject Premise.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. That at said time and place, as aforesaid, the Defendants, and each of them, owed a duty of reasonable care toward Plaintiffs and others based upon Defendant's ownership, possession, and operation of the subject premise where the injury causing incident

-3-

occurred. Said duty was based upon Defendants' contractual obligations, custom and practice in the industry, right to control the details of the work, exercised control over the details of the work, authority to control the details of the work, and the coordination of the details of the work, and the commission of affirmative acts that resulted in said injury to Plaintiffs.

18. Additionally, said duty is based on the requirements of Civil Code § 1714 requiring all persons to act in a reasonable manner toward others.

19. Furthermore, said duty is based on the requirements of Defendants, and each of them, to provide a safe place for Plaintiffs to work pursuant to Labor Code § 6400.

20. Defendants, and each of them, breached said duty by negligently, carelessly, and recklessly, constructing, coordinating, inspecting, maintaining, contracting, subcontracting, supervising, controlling, engineering, designing, performing, planning and holding out for bid, construction work and supplying men and materials for the job site referred to herein, in that Defendants failed to coordinate and control the work being performed on said job site in a safe and proper manner, thereby creating a risk of injury to persons working on said job site.

21. That at said time and place, as aforesaid, the Defendants, and each of them, owed a duty of reasonable care toward Plaintiffs and others based upon the requirements of Labor Code § 6400.

22. That at said time and place, as aforementioned, Defendants, and each of them, were statutory employers, pursuant to Labor Code §§ 6400, 6401, and 6403, as Defendants, and each of them, created the subject dangerous condition, had the authority to correct the subject dangerous condition, were aware of the subject dangerous condition, or were responsible for remedying the subject dangerous condition to which Plaintiff was exposed.

23. That at said time and place, Plaintiffs were within the class of workers who were intended to be protected by the Labor Code regulations and protected under the dictates of Cal-

UNVERIFIED COMPLAINT FOR DAMAGES

1  OSHA regulations.

2  24. Defendants, and each of them, breached said duty by negligently violating the dictates of

3  Labor Code § 6400 et seq. by failing to provide Plaintiffs with a safe place to work.

4  25. Additionally, Defendants, and each of them, violated the following Cal-OSHA

5  regulations, including, but not limited to: Title 8, §§ 3380, 6151(c), 1922(a)(1), as well

6  as other ordinances enacted to protect Plaintiffs from the type of injury here incurred.

7  These specific obligations imposed on Defendants to provide Plaintiffs with the proper

8  PPE to avoid this type of injury, as well as fire extinguishers. As a direct and proximate

9  cause of said violations, Plaintiffs BEN CASILLAS JR and SAUL SANCHEZ suffered

10  severe physical injury.

11  26. As a result of the foregoing negligence and breach of duty, Plaintiffs suffered severe

12  personal injury when the PPE provided by Defendant BAYER CORPORATION caught

13  on fire while performing their work of removing a lag bolt from the floor. The work they

14  were doing created hot sparks, which coupled with the alcohol used to sanitize, caused

15  Plaintiffs' PPE to catch fire. Furthermore, Plaintiffs suffered severe personal injury due

16  to the lack of fire extinguishers readily available.

17  27. Additionally, as a direct and proximate result of the aforesaid negligence, breach of duty,

18  and said violations, Plaintiffs sustained injury to their person, incurred wage loss, medical

19  expenses, and other expenses when Plaintiffs caught on fire and were unable to extinguish

20  the flame.

21  **SECOND CAUSE OF ACTION**

22  **PREMISE LIABILITY**

23  28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27, inclusive, as if

24  fully set forth herein.

25  29. That at said time and place, as aforementioned, the Defendants, and each one of them,

26  owed a duty of reasonable care toward Plaintiffs and others based upon Defendants'

27  ownership, possession, and operation of the subject premise where the injury causing

28

-5-

event occurred. Said duty was based upon Defendants' contractual obligations, custom and practice in the industry, right to control the details of the work, exercised control over the details of the work, authority to control the details of the work, the coordination of the details of the work, and the commission of affirmative acts that resulted in said injury to Plaintiffs.

30. Defendants, and each of them, breached said duty by negligently, carelessly, and recklessly, inspecting, maintaining, contracting, subcontracting, supervising, controlling, engineering, designing, and performing work on the Subject Premise.

31. Defendants, and each of them, were negligent *per se* under the regulations applicable to the Subject Premise.

32. Defendants, and each of them, were negligent for failure to do any safety inspection of the Subject Premise as required by law, at any time.

33. Defendants, and each of them, breached said duty by negligently violating the dictates of Labor Code § 6400, et seq. by failing to provide Plaintiffs with a safe place to work.

34. Additionally, by failing to provide portable fire extinguishers that are readily accessible to employees without subjecting them to possible injury, Defendant created, or failed correct, or maintained an unsafe workplace in violation of Cal-OSHA regulation § 6151(c), and other ordinances enacted to protect the class of Plaintiffs here from the type of injury here incurred. These specific obligations imposed on Defendants and apply to the hazardous condition of failing to provide accessible portable fire extinguishers, that ultimately caused Plaintiffs BEN CASILLAS JR and SAUL SANCHEZ to suffer second and third degree burns on their entire body. As a direct and proximate cause of said violations, Plaintiffs BEN CASILLAS JR and SAUL SANCHEZ suffered severe physical injuries.

35. Further, as a result of the negligence of Defendants, Plaintiffs sustained severe injury to their person, incurred wage loss, medical expenses, and other expenses, such as pain and suffering, when their PPE caught on fire and was unable to extinguish the fire as no

UNVERIFIED COMPLAINT FOR DAMAGES

portable fire extinguisher was readily accessible.

### THIRD CAUSE OF ACTION

### LOSS OF CONSORTIUM

**(April Casillas and Lilian Soto Only)**

36. Plaintiffs reallege and incorporate by reference paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. As a result of the negligence of Defendants and the injuries thereby sustained by Plaintiff BEN CASILLAS JR and Plaintiff SAUL SANCHEZ in the Subject Incident, Plaintiff APRIL CASILLAS and Plaintiff LILIAN SOTO have suffered a loss of consortium including, but not limited to, the loss of care, love, companionship, comfort, society, moral support, assistance, affection, protection, and sexual relations.

/ / /

/ / /

/ / /

UNVERIFIED COMPLAINT FOR DAMAGES

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as
2    follows:

3    1. Plaintiffs requests repayment of all special damages incurred, according to proof,
4       including, but not limited to, all past and future wage loss, hospital, and medical expenses.
5    2. Plaintiffs requests all general damages according to proof.
6    3. Plaintiffs APRIL CASILLAS and LILIAN SOTO requests all damages for the loss of
7       consortium suffered as a result of the foregoing negligence of Defendants.
8    4. For all prejudgment interest as allowed by law.
9    5. For all attorneys fees as allowed by law.
10   6. For cost of suit incurred herein.
11   7. For such other and further relief as the Court deems just and proper.
12   8. For a jury trial on all issues allowed by law.

ARNS DAVIS LAW FIRM

By: _____
    JONATHAN E. DAVIS
    Attorneys for Plaintiff

UNVERIFIED COMPLAINT FOR DAMAGES