UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION,<br><br>    Defendant. | Case No. 23-cv-01609-JSC<br><br>**ORDER RE: DIVERSITY JURISDICTION**<br><br>Re: Dkt. No. 1 |

Defendant Bayer Healthcare LLC, which asserts it has been erroneously sued as Bayer Corporation, removed this case to federal court. (Dkt. No. 1.)[1] Bayer invokes federal subject matter jurisdiction on the basis of diversity. (*Id.* ¶¶ 7–12.) Plaintiffs are individual citizens of California. (*Id.* ¶ 8.) Bayer "is a Delaware corporation with its principal place of business in the State of New Jersey." (*Id.* ¶ 9.)

However, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, the notice of removal does not properly allege diversity jurisdiction because it does not allege the citizenship of each member of Bayer. No other basis for federal question jurisdiction is clear from the complaint. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161–62 (9th Cir. 2005) (explaining that, despite "inartful pleading," complaint "expressly states that resolution of its claims would require the federal court to apply the Federal Tort Claims Act, a clear indication . . . [of] federal subject-matter jurisdiction").

Accordingly, on or before May 8, 2023, Bayer shall file an amended notice of removal,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

(*see* Dkt. Nos. 1, 5), that sets forth the citizenship of each of its members.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

**IT IS SO ORDERED.**

Dated: April 24, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2