FRANK KELLY (SBN 83473)
fkelly@shb.com
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
EDWARD B. GAUS (SBN 289561)
egaus@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
Fax: (415) 391-0281

Attorneys for Defendant
BAYER HEALTHCARE LLC,
erroneously sued as BAYER CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS JR; APRIL CASILLAS; SAUL SANCHEZ; and LILIAN SOTO<br><br>    Plaintiff,<br><br>vs.<br><br> BAYER CORPORATION and DOES 1 to 100, inclusive<br><br>   Defendants. | No. 3:23-cv-01609-AMO (*Consolidated with 3:23-cv-02199-AMO*)<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| APRIL CASILLAS, INDIVIDUALLY AND AS THE SUCCESSOR-IN-INTEREST OF BEN CASILLAS JR; AND BEN CASILLAS, SR., AS GUARDIAN AD LITEM FOR R. C., A MINOR AND V. C., A MINOR,<br>    Plaintiffs,<br><br>   v.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br>   Defendants. | |

## **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS, counsel for Plaintiff and Defendants (sometimes hereinafter referred to as "Plaintiffs" and/or "Defendants," collectively, the "Parties," and each, a "Party") have met and conferred regarding the disclosure and discovery activity in this action.

WHEREAS, for good cause counsel for Plaintiffs and Defendants anticipate the need for discovery that contains confidential, proprietary, or private information necessary to support their claims and defenses in this matter and hereby stipulate and agree as follows:

## 1. **PURPOSE AND GENERAL STIPULATIONS**

1.1    Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties agree to this stipulation in order to protect the confidentiality of information produced, disclosed or otherwise obtained in connection with this action while facilitating the production and receipt of information.

1.2    For purposes of this Order, any Party may designate as "Confidential," "Highly Confidential," and/or "Foreign Confidential Personal Data" any information regarded as confidential, highly confidential, or foreign confidential personal data respectively by the Party that is contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to any other Party, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

1.3    This Confidentiality and Protective Order shall govern the handling of discovery materials in the Litigation. This Order shall be binding on anyone receiving materials as part of this litigation, all parties and their respective counsel, experts, consultants, representatives, and others as set forth below, in the Litigation, including in all add-on or included actions, and further binds all signatories to Exhibit A to the Order. Third parties producing materials may

1  avail themselves of, and agree to be bound by, the terms and conditions of this Order and
2  thereby become a Producing Party for purposes of this Order.

**2.      DEFINITIONS**

For purposes of this Order, capitalized terms will have the meanings set out below.

a.      Authorized Recipient: a person to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), Undertaking for Highly Confidential Information (Exhibit B), or the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C).

b.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

c.      Competitor: Any entity or person involved in the commercial manufacturing, sales, marketing, research and/or development related to products developed, sold or manufactured for sale to the general public within the flea and tick prevention category.

d.      "Confidential" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under applicable law or statute. Such information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the case.

e.      Counsel (without qualifier): Plaintiff's Counsel, Outside Counsel of Record and House Counsel (as well as their support staff).

f.   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA."

g.   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to documents, tangible things, depositions, deposition exhibits, interrogatory responses, responses to requests for production of documents, responses to subpoenas, and admissions.

h.   Expert or Experts: a person or persons with specialized knowledge or experience in a matter that is retained by or consulted by a Party to serve as a testifying or consulting expert.

i.   "Highly Confidential" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to documents where disclosure may cause competitive injury.

j.   House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

k.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

l.   Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, including their support staff and subcontractors.

m.　Party: any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

n.　Personal Data or Foreign Confidential Personal Data: any information relating to an identified or identifiable natural person ("Data Subject") subject to protection under Foreign Data Protection Law. An identifiable natural person is one who can be identified, directly or indirectly, in particular by referencing an identifier such as a name, an identification number, location data, an online identifier, or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural, or social identity of that natural person. This Protective Order applies to any Materials produced, obtained, reviewed, and used in this Litigation containing Personal Data relating to an individual outside the United States, including, for example, in the European Union.

　　i.　For the purposes of this Order, Foreign Confidential Personal Data is data subject to foreign data protection laws (hereinafter collectively referred to as "Foreign Data Protection Law"), such as Regulation (EU) 2016/679, Apr. 27, 2016, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation or "GDPR," and other applicable laws.

o.　Personal Data Breach: a breach of security leading to the accidental or unlawful unauthorized disclosure of, or access to Personal Data, whether transmitted, stored, or Processed.

p.　Personal Data Processing: any operation or set of operations that is performed on Personal Data, whether or not by automated means, such as collection, recording, organization, structuring, storage, adaptation or alteration, retrieval, consultation, use, disclosure by transmission, dissemination, or otherwise making available, alignment or combination, restriction, erasure, or destruction. "Process" and "Processed" will have a corresponding meaning.

q.  Privileged Material: material protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

r.  Producing Party or Disclosing Party: a Party or Non-Party that gives testimony or produces Disclosure or Discovery Material in this action.

s.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

t.  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or as "FOREIGN CONFIDENTIAL PERSONAL DATA."

u.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

3.1  The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) personal, medical, or financial information subject to federal or state privacy rights, including but not limited to information that is deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations; and (4) personal information subject to protection under Foreign Data Protection Law. However, the protections conferred by this Stipulated Protective Order do not cover the following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information

lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.** **DURATION**

4.1 Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Confidentiality and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Designating</u>: Any Designating Party shall have the right to designate as "CONFIDENTIAL" any information, document, or thing that it is disclosing and that it believes in good faith constitutes, contains, embodies, discloses, or reflects confidential information, trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest, including but not limited to business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists; business relationships; product testing, design, engineering, or specifications; sales volumes, pricing, profits, costs, or margins; credit card numbers, social security numbers; personal financial, or other personally sensitive information; and any other material that is confidential pursuant to applicable law. Any Designating Party shall also have the right to designate as "HIGHLY CONFIDENTIAL" any Confidential Information for which the Designating Party in good faith reasonably believes that disclosure other than that as permitted pursuant to Section 7 of this Order may cause competitive injury to the Designating Party, or other serious harm. Any Designating Party shall also have the

right to designate as "FOREIGN CONFIDENTIAL PERSONAL DATA" any personal information for which the Designating Party in good faith believes relates to an identifiable natural person subject to protection under Foreign Data Protection Law.

To facilitate the flow of discovery material, at the time of initial production, the producing Party may designate an entire document as "Confidential," "Highly Confidential," and/or "Foreign Confidential Personal Data" if it believes in good faith that any part of the document is confidential, highly confidential or confidential personal data, respectively, or if the document falls within a category of documents that the designating party believes is likely to contain a large volume of Confidential, Highly Confidential, or Foreign Confidential Personal Data.

To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the producing Party may designate the appropriate confidentiality of such materials by marking the container in which the media is produced with "Confidential," "Highly Confidential," and/or "Foreign Confidential Personal Data". For electronically stored information produced in native format, designation of documents may be made in a produced metadata field or in the file name, as well as produce a PDF "slip sheet" which identifies the Bates number of the file produced, the name of the file produced, and identifies the portion or entirety of the file being designated as "Confidential," "Highly Confidential," and/or "Foreign Confidential Personal Data". Whenever any Party receives Computerized Material or documents produced in native format that have been designated as Confidential, Highly Confidential, or Foreign Confidential Personal Data, if such Party reduces such material to hardcopy form, that Party shall mark the hardcopy form with the appropriate confidentiality designation.

If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential, Highly Confidential, or Foreign

Confidential Personal Data, the Parties may designate them as accordingly by marking the face of any such response with one of the legends set forth in section (5.2) herein and indicating the page and line references of the material that are to be subject to this Protective Order. Additionally, the individual responses will begin with a preface stating: "This responses contains [Confidential / Highly Confidential / Foreign Confidential Personal Data] and is made pursuant to the Stipulated Confidentiality and Protective Order."

A Party may designate the transcript of any deposition in this action or any portion thereof, including exhibits thereto, as Confidential, Highly Confidential, or Foreign Confidential Personal Data by either so advising the court reporter and the Parties on the record during the taking of the deposition or within thirty (30) days after receipt of the deposition transcript by written designation served upon the Parties. If all or any portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential, Highly Confidential, or Foreign Confidential Personal material, and shall appropriately label as Confidential, Highly Confidential, or Foreign Confidential Personal Data each of the pages of the transcript or exhibits that contain such Confidential, Highly Confidential, or Foreign Confidential Personal Data.

Written and oral communications between or among counsel for the Parties that refer to or discuss Confidential, Highly Confidential, or Foreign Confidential Personal Data automatically shall be subject to this Protective Order, provided that the information discussed has been so-designated prior to the communication, or is designated as such during the communication.

Protected Material shall be treated by the Parties and their counsel as being confidential and private. Any copy made of Protected Material shall have the same status as the original. The disclosure and use of Protected Material shall be confined to the permissible disclosures and uses set forth below. Protected Material shall be used solely for the litigation of this action, including any appeals. Protected Material shall not be used for any other purpose without

separate written agreement of the Party that produced the Protected Material. All other disclosure and use of Protected Material during the pendency of this action or after its termination are hereby prohibited. Nothing in this Protective Order, however, precludes the Parties from making disclosures to government authorities to the extent that it is required to disclose Protected Material by law, or if required to do so by Court Order.

     5.2    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA" to each page that contains Protected Material. Typographical, procedural, or other immaterial errors occurring in affixing the appropriate legend to Protected Material shall not be treated as having not designated the Protected Material or waiving a claim confidentiality or any protections. Any legend affixed stating the designation should not obscure or interfere with the legibility of the material. To facilitate the flow of discovery material, at the time of initial production, the producing Party may designate an entire document as "Confidential" or "Highly Confidential" or "Foreign Confidential Personal Data" if it believes in good faith that any part of the document is confidential or highly confidential or personal foreign data, respectively, or if the document falls within a category of documents that the designating party believes is likely to contain a large volume of confidential, highly confidential, or foreign confidential personal material.

    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. At the option of the Designating Party, materials may be produced for inspection before they are reviewed for privilege, work product, or other applicable privilege. There will be no waiver of privilege, work product, or other applicable privileges or objections in this or any other proceeding by virtue of an inspection of Discovery Materials that proceeds before they are reviewed for the existence of such privileges. There will also be no waiver of confidentiality by the inspection of Discovery Materials before they are copied and marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", or "FOREIGN CONFIDENTIAL PERSONAL DATA" pursuant to this procedure. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA") to each page that contains Protected Material.

Any Discovery Materials designated for copying that are protected by privilege, work product, or other applicable privileges or objections may be removed before copying, but shall be maintained by the Producing Party and described in a privilege log conforming to the applicable federal, state and/or court rules.

b.      For depositions or other pre-trial testimony, designations shall be made: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all parties within thirty (30) calendar days of the receipt of the final transcript of deposition or other pretrial testimony, provided that only those portions of the transcript designated as Protected Material shall be deemed as such. During the thirty (30) day period, the final deposition testimony, transcript, and exhibits shall be treated as "HIGHLY

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

CONFIDENTIAL" under this Order. The parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court. Absent agreement by the parties, after the expiration of the thirty (30) day period, only the specific page(s) and line number(s) and exhibits designated as Protected Material, if any, shall be treated in accordance with the designation(s).

 c. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

 5.3 Failures to Designate: Any under-designation, failure to designate, or production of any confidential, highly confidential, confidential personal or proprietary material will not result in or be construed as a waiver, in whole or in part, of (a) the producing Party's claims of confidentiality either as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (b) the party's right to later designate the material as Confidential, Highly Confidential, or Foreign Confidential Personal Data pursuant to this Protective Order. In the event that a Party produces any material without attaching the appropriate legend, the Party may subsequently designate the material as Confidential, Highly Confidential, or Foreign Confidential Personal Data at any time by forwarding to the opposing Party copies of the material bearing one of the legends required and specifically identifying the material as being newly-designated previously-produced material, and requesting that the opposing Party destroy all prior copies of the Protected Material. Upon receipt of such a request, the opposing Party shall destroy all copies of the Protected Material as originally produced, replace them with copies bearing the appropriate confidentiality

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

legend(s), and take necessary steps to retrieve all copies of the produced confidential document distributed to other counsel or non-parties and to replace those documents with properly designated copy to the extent that the other counsel or non-parties are permitted to review Protected Material under this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

        6.1      Timing of Challenges: The designation of any material or document as Protected Material is subject to challenge by any Party.

        6.2      Notice and Meet and Confer: In the event of a dispute as to the confidential designation of Protected Material, or any other discovery dispute, no Party may file a motion before fully complying with Local Rule 37-1. The Parties agree to meet and confer over any confidentiality designation disputes by telephone or in person. A Party challenging the designation of Protected Material must do so in good faith and must begin the process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that a challenge to confidentiality is being made in accordance with this Stipulated Confidentiality and Protective Order. The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of written notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. Absent agreement by the Parties, review of the challenged material shall take place within 10 days of the Challenge, and the Challenging Party shall not unreasonably refuse to extend the time to response where the volume of designated material is so significant that review within the 10 day period is impracticable or unfeasible. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention: After complying with Local Rule 37-1's meet and confer requirement, if the Parties cannot resolve a challenge without court intervention, the Challenging Party shall notify the Court requesting an immediate telephone conference with the Judge or Magistrate Judge, and the Designating Party. In communicating with the Court to initiate the telephone conference, the moving party must certify compliance with Local Rule 37-1 and copy counsel for all Parties on any communication with the Court. Neither Party may file a written discovery motion until after this telephone conference, unless the Court states that it is unavailable for a conference, or does not respond within five days of the request.

In the event that the Court is unwilling, unable, or does not respond to a request for a telephonic conference in the time stated above, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 10 days of the conference or expiration of the time for the court to respond to the request for telephonic conference. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within that timeframe shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. The written submission shall list the designated Material challenged by Bates label (or other identifying label if no Bates label), along with an explanation of the Party's position. Either party may lodge the challenged documents with chambers bearing the confidentiality legend, which shall not be filed in connection with the confidentiality challenge.

The burden of persuasion as to whether information is correctly designated as Protected Material shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation, either by agreement or by failing to file a Motion to Maintain Confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

6.4 Supplemental Production of "Newly-Designated" or "De-Designated" Productions: Should the designation of any document, file, or item, change after the initial production (as a result of inadvertent incorrect designation, agreement of the parties through the meet and confer process, or through judicial intervention) the Producing Party shall make a supplemental production of any such documents within a reasonable time following the change in designation. This production shall include the supplemental production the material along with the corrected designation (either removing the designation markers or with the amended designation) in metadata, the filename, or otherwise affixed on the document pursuant to the format described in Section 5, above.

**7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" and "FOREIGN CONFIDENTIAL PERSONAL DATA" Information or Items</u>: The Parties and counsel for the Parties shall not disclose or permit the disclosure of any information or item designated "CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA" to any third person or entity except as set forth in subparagraphs (a)-(k). Subject to these requirements, the following categories of persons may be allowed to review Confidential and Foreign Confidential Personal Information:

a. the named Plaintiff who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C);

b. Counsel for the Parties and employees of counsel who have responsibility for the action;

c. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the individual's or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

d. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C);

e. The court and its personnel;

f. Court reporters and recorders engaged for depositions, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C);

g.   During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential or Foreign Confidential Personal Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential or Foreign Confidential Personal Information pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

h.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i.   Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

j.   Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

k.   Other persons only by written consent of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), or upon order of the Court and on such conditions as may be agreed or ordered.

7.3   Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

a.  the named Plaintiff who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B);

b.  Counsel for the Parties and employees of counsel who have responsibility for the action, including the Receiving Party's Outside Counsel of Record in this action, as well as partners, associate attorneys and staff of said Outside Counsel of Record who are actually assisting in the conduct of this litigation;

c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B);

d.  the court, including personnel necessary to assist the court in its function with regard to the Action;

e.  Court reporters and recorders engaged for depositions;

f.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Highly Confidential Information designations, and pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

g.  Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B);

h.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

f.     other persons only by written consent of the Designating Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B), or upon order of the Court and on such conditions as may be agreed or ordered.

7.4     Counsel for each Party disclosing Protected Material in accordance with this paragraph shall (i) advise each person to whom such disclosure is made (except Court personnel, jurors, and government authorities) of the terms of this Protective Order and of the obligation of each such person to comply with those terms and (ii) provide a copy of this Protective Order to each such person. Prior to the disclosure of any Protected Material to any person identified in authorized to receive such information by this Order, such person shall sign the Acknowledgment(s), in the form attached hereto, acknowledging that he or she has read this Protective Order and shall abide by its terms. Counsel shall maintain a list of persons to whom Protected Materials are disclosed (excluding jurors, Court personnel, and government authorities).

7.5     <u>Exclusion of Individuals from Deposition</u>: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential, Highly Confidential, or Foreign Confidential Personal Data, and where such Confidential, Highly Confidential, or Foreign Confidential Personal Data is the topic of deposition questioning.

7.6     <u>Prohibition on disclosure to Competitors</u>: Without written consent by the Producing Party, Confidential or Highly Confidential Information cannot be disclosed to any (1) Competitor; or (2) person who, upon reasonable and good faith inquiry, is determined by the Receiving Party to be a current employee of or current consultant for a Competitor within the flea and tick prevention category.

7.7     <u>Data Security</u>: The Parties, Counsel for the Parties and anyone receiving Protected Materials subject to this Protective Order shall keep all Discovery Materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "FOREIGN

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

CONFIDENTIAL PERSONAL DATA" that are received under this Order secure within their exclusive possession (except as allowed to be disclosed pursuant to this Stipulated Confidentiality and Protective Order) and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order. The Parties agree to take precautions to secure the materials received to prevent unauthorized access, disclosure or dissemination. Parties shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of information exchanged in this matter as is exercised by the recipient with respect to its own information of the same or comparable confidentiality and sensitivity. Receiving Parties must take reasonable precautions to protect Confidential, Highly Confidential, or Foreign Confidential Personal material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    a.    Protected Materials shall be stored and maintained in a reasonably secure manner so as to avoid unauthorized disclosure, including reasonable administrative, technical, and/or physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Protective Order. Security procedures enacted and followed must provide a level of security appropriate to the risk presented by the processing and the nature of the data to be protected.

    b.    Any person in possession of Foreign Confidential Personal Materials shall maintain a written information security program that includes appropriate technical and organizational measures to protect against the unlawful destruction, loss, alteration, unauthorized disclosure of, or access to Protected Materials. To the extent a party or person does not have an information security program, they may comply with this Order by having the Protected Materials

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

managed by and/or stored with eDiscovery vendors that maintain such an information security program. The Receiving Party shall ensure that persons authorized to access Foreign Confidential Personal Data have committed themselves to the same confidentiality as the Receiving Party or are under an appropriate statutory obligation of confidentiality.

c.   Protected Material in electronic form shall be maintained in a secure litigation support site and/or other electronic sources that apply standard industry practices regarding data security, including but not limited to, application of access control rights to those persons entitled to access the information under this Order and the Protective Order;

d.   Any Protected Material downloaded from the litigation support site in electronic format shall be stored only on devices (e.g., laptop, tablet, smartphone, USB drive) that are password protected and/or encrypted with access limited to persons entitled to access confidential material under this Order and the Protective Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

e.   Protected Material in paper format is to be maintained in the Receiving Party's counsel's law offices or comparably secure location, with access limited to persons entitled to access Protected Material under this Order and the Protective Order;

f.   The Receiving Party must put in place procedures so that any Authorized Recipient will respect and maintain the confidentiality and security of the data. This shall include an executed agreement with the Authorized Recipient, which includes provisions that are no less protective of Confidential, Highly Confidential, and Foreign Confidential Personal Data than the level of protection required by the obligations set forth in this section of this Order; and

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

g.    In the event a Receiving Party or Authorized Recipient who received Protected Material experiences a data breach or reasonably believes a breach may have occurred, including an actual or suspected unauthorized access, the Receiving Party or Authorized Recipient shall:

.    Immediately notify the Producing Party of such breach in writing and by faster means to prevent further damage if warranted;

ii.    Investigate the breach and cooperate with the Producing Party to address and remedy the breach;

iii.    The Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access;

iv.    After notification, the Receiving Party shall keep the Producing Party informed of remediation efforts.

v.    Describe the incident and the Protected Material accessed without authorization and provide sufficient information to the Producing Party such that the Producing Party can reasonably ascertain the size and scope of the breach;

vi.    Make efforts and take steps to ensure that further breaches in the future will not occur;

vii.    Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect Protected Material from unauthorized disclosure.

## 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

8.1    If a Party is served with a subpoena, a court order or Public Authority inquiry issued in other litigation or administrative proceeding that compels disclosure of any

information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", or "FOREIGN CONFIDENTIAL PERSONAL DATA" that Party shall, to the extent permitted by law:

(a)     within 7 days of receipt, or 10 days before disclosure is due, whichever is earlier, notify in writing the Designating Party. Such notification shall include a copy of the subpoena, inquiry or court order;

(b)     within 7 days of receipt, or 10 days before disclosure is due, whichever is earlier, notify in writing the Party who caused the subpoena, inquiry or order to issue in the other litigation that some or all of the material covered by the subpoena, inquiry or order is subject to this Stipulated Confidentiality and Protective Order. Such notification shall include a copy of this Stipulated Confidentiality and Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, inquiry or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA" before a determination by the court from which the subpoena, inquiry or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", or "FOREIGN CONFIDENTIAL PERSONAL DATA." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) within 7 days of receipt, or 15 days before disclosure is due, whichever is earlier, notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) within 7 days of receipt, or 15 days before disclosure is due, whichever is earlier, provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(d) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material ("Inadvertent Disclosure") to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) give the Designating Party a description of the nature of the Inadvertent Disclosure (including, where possible, categories and approximate number of data subjects and personal data records concerned), (c) give a description of the likely consequences, (d) describe and use its best efforts to retrieve all unauthorized copies of the Protected Material, (e) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (f) request such person or persons return all unauthorized copies, excerpts or summaries of Protected Material, (g) give the details of a contact point from whom designating party can obtain more information, and (h) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   NON-WAIVER OF PRIVILEGED OR PROTECTION**

The production of privileged or work-product doctrine protected documents, electronically stored information (ESI) or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding with respect to (a) those documents; (b) any other communications or document relating to the subject matter of those documents; or (c) any other communications or documents relating to the individuals or entities who sent, received or are named in those documents. These protections apply irrespective of the degree of care taken by the Producing Party in (1) preventing disclosure, it being expressly recognized that the Producing Party is not obligated to engage in any pre-production review of the documents to identify Privileged Materials; or (2) rectifying disclosure, it being further recognized that the Producing Party shall have no obligation to engage in post-

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

production review to determine whether it has produced any Privileged Materials. The Parties reserve the right to challenge any assertion by the Producing Party of attorney-client privilege or work product protection with respect to any particular document or collection/compilation of documents or data.

The Parties further agree that if a Party receiving information or documents independently determines that the Producing Party produced information that reasonably appears to be subject to a claim of privilege or of protection as trial-preparation material, the Receiving Party shall notify the Producing Party or Parties of the apparent inadvertent disclosure, and (a) must promptly return, sequester, or destroy the specified information and any copies it has; (b) must not review, use or disclose the information; (c) must take reasonable steps to retrieve the information if the Party disclosed it before making the independent determination that the document was privileged; and (d) may promptly present the information to the court under seal for a determination of the claim. If the substance of the protected document is discussed in a deposition prior to the time of discovery or notification of the inadvertent disclosure, the Parties agree that such testimony may not be used for any purpose (other than for the purpose of seeking court determination of the validity of the claim as described above) until the dispute is resolved by agreement of the Parties or by Court order. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 12. **<u>MISCELLANEOUS</u>**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future, or by agreement by the Parties.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**13.    <u>NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS</u>**

This Order shall not affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Protected Material is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential, Highly Confidential, or Foreign Confidential Personal Data on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any Discovery Material as Confidential, Highly Confidential, or Foreign Confidential Personal Data, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation. The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any Non-Party to assert or apply for additional or different protection.

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

## 14. __FINAL DISPOSITION__

Within 60 days after the final disposition of this Litigation, as described in Paragraph 4, each Receiving Party shall assemble and return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, upon request the Receiving Party shall submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and its provisions until such archival copies are destroyed.

**STIPULATED AND AGREED:**

Dated: August 8, 2023

SHOOK, HARDY & BACON L.L.P.

By: _/s/ Edward Gaus_
Frank Kelly
Amir Nassihi
Edward Gaus
Attorneys for Defendant
BAYER HEALTHCARE LLC, erroneously
sued as BAYER CORPORATION

28
STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Dated: August 8, 2023

ARNS DAVIS LAW

By: _____
Robert Arns
Jonathan E. Davis
Zachariah Hansen
*Attorneys for Plaintiffs*
*BEN CASILLAS JR., APRIL*
*CASILLAS; SAUL SANCHEZ, LILIAN*
*SOTO, ET AL.*

**IT IS SO ORDERED:**

Dated: _____

_____
The Honorable Araceli Martinez-Olguin

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS JR; APRIL CASILLAS; SAUL SANCHEZ; and LILIAN SOTO<br><br>Plaintiff, <br><br>vs.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br><br>Defendants. | No. 23-cv-01609-AMO (*Consolidated with 3:23-cv-02199-AMO*) |
| APRIL CASILLAS, INDIVIDUALLY AND AS THE SUCCESSOR-IN-INTEREST OF BEN CASILLAS JR; AND BEN CASILLAS, SR., AS GUARDIAN AD LITEM FOR R. C., A MINOR AND V. C., A MINOR,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br><br>Defendants. | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality and Protective Order that was issued in the case of *Ben Casillas Jr. v. Bayer Corporation* No. 23-cv-01609-AMO. I agree to comply with and to be bound by all the terms of this Confidentiality and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of [this Court] for the purpose of enforcing the terms of this Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of

_____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Confidentiality and Protective Order.

Printed Name: _____

Job Title and Employer:_____

Business Address:          _____

                          _____

                          _____

City and State where sworn and signed:_____

Date:_____

Signature:_____

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS JR; APRIL CASILLAS; SAUL SANCHEZ; and LILIAN SOTO<br>        Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br><br>        Defendants. | No. 23-cv-01609-AMO (*Consolidated with 3:23-cv-02199-AMO*) |

APRIL CASILLAS, INDIVIDUALLY AND AS THE SUCCESSOR-IN-INTEREST OF BEN CASILLAS JR; AND BEN CASILLAS, SR., AS GUARDIAN AD LITEM FOR R. C., A MINOR AND V. C., A MINOR,
        Plaintiffs,


    v.


BAYER CORPORATION and DOES 1 to 100, inclusive
        Defendants.

**UNDERTAKING FOR HIGHLY CONFIDENTIAL INFORMATION**

I, _____ , declare as follows:

    1 .    My business address is _____.

    2 .    My present employer and the address of my present employer (if different from above) is _____.

    3 .    My present occupation or job description is _____ . My job title is _____.

    4 .    I have received a copy of the Stipulated Confidentiality and Protective Order ("Protective Order") in the above-captioned action.

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

1    5  .    I have carefully read and understand the provisions of the Protective Order.

2    6  .    I agree to be bound by the terms of the Protective Order.

3  Date: _____

4  City and State where sworn and signed:_____

5  Printed name: _____

6  Signature: _____

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEN CASILLAS JR; APRIL CASILLAS; SAUL SANCHEZ; and LILIAN SOTO<br><br>     Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br><br>     Defendants. | No. 23-cv-01609-AMO (*Consolidated with 3:23-cv-02199-AMO*) |

| | |
|---|---|
| APRIL CASILLAS, INDIVIDUALLY AND AS THE SUCCESSOR-IN-INTEREST OF BEN CASILLAS JR; AND BEN CASILLAS, SR., AS GUARDIAN AD LITEM FOR R. C., A MINOR AND V. C., A MINOR,<br><br>     Plaintiffs,<br><br>     v.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br><br>     Defendants. | |

## AGREEMENT CONCERNING FOREIGN PERSONAL DATA COVERED BY THE ORDER

I, _____ [print or type full name], of _____

_____ [print or type full address], hereby acknowledge that I have received a copy of the Protective Order entered in the above-caption action by the United States District Court for the Northern District of California (hereinafter "Protective Order"). I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Foreign Confidential Personal Data, I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

pursuant to the terms of the Protective Order. I agree to maintain and abide by the Data Security and End of Matter Data Disposition provisions set forth in the Protective Order. I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for resolution of any matters pertaining to the Protective Order.

My address is _____.

My present employer is _____ .

Dated:_____

Signed:_____

3" = "3" "4873-1866-6348 v1" "" 4873-1866-6348 v1