FRANK KELLY (SBN 83473)
fkelly@shb.com
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
EDWARD B. GAUS (SBN 289561)
egaus@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
Fax: (415) 391-0281

Attorneys for Defendant
BAYER HEALTHCARE LLC,
erroneously sued as BAYER CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS JR; APRIL CASILLAS; SAUL SANCHEZ; and LILIAN SOTO<br><br>         Plaintiff,<br><br>vs.<br><br> BAYER CORPORATION and DOES 1 to 100, inclusive<br><br><br>         Defendants. | No. 3:23-cv-01609-AMO (*Consolidated with 3:23-cv-02199-AMO*)<br><br>REVISED [PROPOSED] STIPULATED PROTECTIVE ORDER |
| APRIL CASILLAS, INDIVIDUALLY AND AS THE SUCCESSOR-IN-INTEREST OF BEN CASILLAS JR; AND BEN CASILLAS, SR., AS GUARDIAN AD LITEM FOR R. C., A MINOR AND V. C., A MINOR,<br><br>         Plaintiffs,<br><br>    v.<br><br>BAYER CORPORATION and DOES 1 to 100, inclusive<br>         Defendants. | |

The parties, by and through their respective counsel, hereby re-submit their Stipulated Protective Order, originally agreed upon on August 8, 2023, pursuant to the Court's August 23, 2023 Order and the Court's Civil Standing Order.

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Authorized Recipient: a person to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), Undertaking for Highly Confidential Information (Exhibit B) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C).

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    Competitor: Any entity or person involved in the commercial manufacturing, sales, marketing, research and/or development related to products developed, sold or manufactured for sale to the general public.

2.4    "CONFIDENTIAL" Information or Items: information (regardless of how it is

REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Such information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the case.

2.53    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.64    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL." or "FOREIGN CONFIDENTIAL PERSONAL DATA."

2.75    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to documents, tangible things, depositions, deposition exhibits, interrogatory responses, responses to requests for production of documents, responses to subpoenas, and admissions.

2.86    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9    "Highly Confidential" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to documents where disclosure may cause competitive injury.

Formatted: Normal, Indent: First line: 0.5"

2.107    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 Personal Data or Foreign Confidential Personal Data: any information relating to an identified or identifiable natural person ("Data Subject") subject to protection under Foreign Data Protection Law. An identifiable natural person is one who can be identified, directly or indirectly, in particular by referencing an identifier such as a name, an identification number, location data, an online identifier, or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural, or social identity of that natural person. This Protective Order applies to any Materials produced, obtained, reviewed, and used in this Litigation containing Personal Data relating to an individual outside the United States, including, for example, in the European Union.

i. For the purposes of this Order, Foreign Confidential Personal Data is data subject to foreign data protection laws (hereinafter collectively referred to as "Foreign Data Protection Law"), such as Regulation (EU) 2016/679, Apr. 27, 2016 O.J. (L119) 1, also known as the EU General Data Protection Regulation or "GDPR," and other applicable laws.

2.15 Personal Data Breach: a breach of security leading to the accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to Personal Data, whether transmitted, stored, or Processed.

2.16 Personal Data Processing: any operation or set of operations that is performed on Personal Data, whether or not by automated means, such as collection, recording, organization, structuring, storage, adaptation or alteration, retrieval, consultation, use, disclosure by transmission, dissemination, or otherwise making available, alignment or combination, restriction, erasure, or

REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

destruction. "Process" and "Processed" will have a corresponding meaning.[1]

    2.17 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.18 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.19 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or as "FOREIGN CONFIDENTIAL PERSONAL DATA."

    2.20 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) personal, medical, or financial information subject to Federal or State privacy rights, including but not limited to information that is deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations; (4) personal information subject to protection under Foreign Data Protection Law; and (5) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

---

[1] The parties intend the additional definitions to add more clarity in an effort to prevent controversy related to privileges and protections and lead to more orderly resolution of issues.

source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

Any Designating Party shall have the right to designate as "CONFIDENTIAL" any information, document, or thing that it is disclosing and that it believes in good faith constitutes,

contains, embodies, discloses, or reflects confidential information, trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest, including but not limited to business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists; business relationships; product testing, design, engineering, or specifications; sales volumes, pricing, profits, costs, or margins; credit card numbers, social security numbers; personal financial, or other personally sensitive information; and any other material that is confidential pursuant to applicable law. Any Designating Party shall also have the right to designate as "HIGHLY CONFIDENTIAL" any Confidential Information for which the Designating Party in good faith reasonably believes that disclosure other than that as permitted pursuant to Section 7 of this Order may cause competitive injury to the Designating Party, or other serious harm. Any Designating Party shall also have the right to designate as "FOREIGN CONFIDENTIAL PERSONAL DATA" any personal information for which the Designating Party in good faith believes relates to an identifiable natural person subject to protection under Foreign Data Protection Law.

To facilitate the flow of discovery material, at the time of initial production, the producing Party may designate an entire document as "Confidential," "Highly Confidential," and/or "Foreign Confidential Personal Data" if it believes in good faith that any part of the document is confidential, highly confidential or confidential personal data, respectively, or if the document falls within a category of documents that the designating party believes is likely to contain a large volume of confidential, highly confidential, or confidential personal material.

To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the producing Party may designate the appropriate confidentiality of such materials by marking the container in which the media is produced with "Confidential," "Highly Confidential," and/or "Foreign Confidential Personal Data". For electronically stored information produced in native format, designation of documents may be made

7
REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

in a produced metadata field or in the file name. Whenever any Party receives Computerized Material or documents produced in native format that have been designated as Confidential, Highly Confidential, or Foreign Confidential Personal Data, if such Party reduces such material to hardcopy form, that Party shall mark the hardcopy form with the appropriate confidentiality designation.

If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential, Highly Confidential, or Foreign Confidential Personal information, the Parties may designate them as accordingly by marking the face of any such response with one of the legends set forth in section (5.2) herein and indicating the page and line references of the material that are to be subject to this Protective Order.

A Party may designate the transcript of any deposition in this action or any portion thereof, including exhibits thereto, as Confidential, Highly Confidential, or Foreign Confidential Personal Data by either so advising the court reporter and the Parties on the record during the taking of the deposition or within thirty (30) days after receipt of the deposition transcript by written designation served upon the Parties. If all or any portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential, Highly Confidential, or Foreign Confidential Personal material, and shall appropriately label as Confidential, Highly Confidential, or Foreign Confidential Personal Data each of the pages of the transcript or exhibits that contain such Confidential, Highly Confidential, or Foreign Confidential Personal material.

Written and oral communications between or among counsel for the Parties that refer to or discuss Confidential, Highly Confidential, or Foreign Confidential Personal material automatically shall be subject to this Protective Order.

Protected Material shall be treated by the Parties and their counsel as being confidential and private. Any copy made of Protected Material shall have the same status as the original. Any copy made of Protected Material labeled Foreign Confidential Personal Data shall be reported to the Disclosing Party. The disclosure and use of Protected Material shall be confined to the permissible disclosures and uses set forth below. Protected Material shall be used (if otherwise relevant and

admissible) solely for the litigation of this action, including any appeals. Protected Material shall not be used for any other purpose without separate written agreement of the Party that produced the Protected Information. All other disclosure and use of Protected Material during the pendency of this action or after its termination are hereby prohibited. Nothing in this Protective Order, however, precludes Defendants from making disclosures to government authorities to the extent that it is required to disclose Protected Material by law.[2]

**Formatted:** Font color: Black

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or FOREIGN CONFIDENTIAL PERSONAL DATA" to each page that contains protected material. Typographical, procedural, or other immaterial errors occurring in affixing the appropriate legend to Protected Material shall not be treated as having not designated the Protected Material or waiving a claim confidentiality or any protections. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine

---

[2] The parties intend the addition to paragraph 5.1 to add more detailed procedures in an effort to prevent controversy related to privileges and protections and lead to more orderly resolution of issues so that the parties do not unnecessarily involve the Court.

REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

At the option of the Designating Party, materials may be produced for inspection before they are reviewed for privilege, work product, or other applicable privilege. There will be no waiver of privilege, work product, or other applicable privileges or objections in this or any other proceeding by virtue of an inspection of Discovery Materials that proceeds before they are reviewed for the existence of such privileges. There will also be no waiver of confidentiality by the inspection of Discovery Materials before they are copied and marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", or "FOREIGN CONFIDENTIAL PERSONAL DATA" pursuant to this procedure. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA") to each page that contains Protected Material.

Any Discovery Materials designated for copying that are protected by privilege, work product, or other applicable privileges or objections may be removed before copying, but shall be maintained by the Producing Party and described in a privilege log conforming to the applicable federal, state and/or court rules.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or by written notice, sent to all parties within thirty (30) calendar days of the receipt of the final transcript of deposition or other pretrial testimony, provided that only those portions of the transcript designated as Protected Material shall be deemed as such. During the thirty (30) day period, the final deposition testimony, transcript, and exhibits shall be treated as "HIGHLY CONFIDENTIAL" under this Order. The parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such

deposition or testimony, without further order of the Court. Absent agreement by the parties, after the expiration of the thirty (30) day period, only the specific page(s) and line number(s) and exhibits designated as Protected Material, if any, shall be treated in accordance with the designation(s).[3]

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and identify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. No more than 500 documents shall be submitted to the challenge process in a 30-day

---

[3] The parties believe that the addition allowing for testimony to be designated as highly confidential by written notice is consistent with paragraph 5.3, which allows for timely corrections of inadvertent failures to designate qualified information or items, and paragraph 6.2, which requires a party challenging a designation to provide written notice of the challenge to the designating party.

period. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" and "FOREIGN CONFIDENTIAL PERSONAL DATA" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C);

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(i) Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

(j) Other persons only by written consent of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Agreement Concerning Foreign Information Covered by the Order" (Exhibit C), or upon order of the Court and on such conditions as may be agreed or ordered.

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise

14
REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

a.  the Receiving Party's Outside Counsel of Record in this action, as well as partners, associate attorneys and staff of said Outside Counsel of Record who are actually assisting in the conduct of this litigation;

b.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B).

c.  the court, including personnel necessary to assist the court in its function with regard to the Action;

d.  Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B);

e.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

f.  other persons only by written consent of the Designating Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Undertaking for Highly Confidential Information (Exhibit B), or upon order of the Court and on such conditions as may be agreed or ordered.

7.4 Counsel for each Party disclosing Protected Material in accordance with this paragraph shall (i) advise each person to whom such disclosure is made (except Court personnel, jurors, and government authorities) of the terms of this Protective Order and of the obligation of each such person to comply with those terms and (ii) provide a copy of this Protective Order to each such person. Prior to the disclosure of any Protected Material to any person identified in authorized to receive such information by this Order, such person shall sign the Acknowledgment(s), in the form attached hereto, acknowledging that he or she has read this Protective Order and shall abide by its terms. Counsel shall maintain a list of persons to whom Protected Materials are disclosed (excluding jurors, Court personnel, and government authorities).

7.5 Exclusion of Individuals from Deposition: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential, Highly Confidential, or Foreign Confidential Personal Data.[4]

7.6 Prohibition on disclosure to Competitors: Without written consent by the Producing Party, Confidential or Highly Confidential Information cannot be disclosed to any (1) Competitor; or (2) person who, upon reasonable and good faith inquiry, is determined by the Receiving Party to be a current employee of or current consultant for a Competitor.[5]

7.7 Data Security: The Parties, Counsel for the Parties and anyone receiving Protected Materials subject to this Protective Order shall keep all Discovery Materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "FOREIGN CONFIDENTIAL PERSONAL DATA" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order. The Parties agree to take precautions to secure the materials received and prevent unauthorized access, disclosure or dissemination. Parties shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of information exchanged in this matter as is exercised by the recipient with respect to its own information of the same or comparable confidentiality and sensitivity. Receiving Parties must take reasonable precautions to protect Confidential, Highly Confidential, or Foreign Confidential Personal material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

a. Protected Materials shall be stored and maintained in a reasonably secure manner so

---

[4] The parties agree that these provisions related to retention of executed Acknowledgements allow for the parties and the Court to ensure that there is an accurate and complete understanding of the third parties to whom Protected Materials were disclosed.
[5] The parties recognize that Bayer may produce documents or information in this case that, if obtained by competitors, would cause Bayer competitive harm. Accordingly, the parties agree that disclosures should not be made to experts or consultants employed by a competitor of Bayer.

as to avoid unauthorized disclosure, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Protective Order. Security procedures enacted and followed must provide a level of security appropriate to the risk presented by the processing and the nature of the data to be protected. The Receiving Party shall carry out regular checks to ensure that these measures continue to provide an appropriate level of security.

b. Any person in possession of Protected Materials shall maintain a written information security program that includes appropriate technical and organizational measures to protect against the unlawful destruction, loss, alteration, unauthorized disclosure of, or access to Protected Materials. To the extent a party or person does not have an information security program, they may comply with this Order by having the Protected Materials managed by and/or stored with eDiscovery vendors that maintain such an information security program. The Receiving Party shall ensure that persons authorized to access Foreign Confidential Personal Data have committed themselves to the same confidentiality as the Receiving Party or are under an appropriate statutory obligation of confidentiality.

c. Protected Material in electronic form shall be maintained in a secure litigation support site and/or other electronic sources that apply standard industry practices regarding data security, including but not limited to, application of access control rights to those persons entitled to access the information under this Order and the Protective Order;

d. Any Receiving Party will maintain a list of all individuals provided, copied, or permitted access to Protected Materials, including current and former authorized users of the Receiving Party's litigation support site during the pendency of this Litigation;

e. Any Protected Information downloaded from the litigation support site in electronic format shall be stored only on devices (e.g., laptop, tablet, smartphone, USB drive) that are password protected and/or encrypted with access limited to persons entitled to access confidential material under this Order and the Protective Order. If the user is unable to password protect and/or encrypt

the device, then the Protected Material shall be password protected and/or encrypted at the file level;

f. Protected Information in paper format is to be maintained in the Receiving Party's counsel's law offices or comparably secure location, with access limited to persons entitled to access Protected Information under this Order and the Protective Order;

g. The Receiving Party must put in place procedures so that any Authorized Recipient will respect and maintain the confidentiality and security of the data. This shall include an executed agreement with the Authorized Recipient, which includes provisions that are no less protective of Confidential, Highly Confidential, and Foreign Confidential Personal Data than the level of protection required by the obligations set forth in this section of this Order; and

h. In the event a Receiving Party or Authorized Recipient who received Protected Information experiences a data breach or reasonably believes a breach may have occurred, including an actual or suspected unauthorized access, the Receiving Party or Authorized Recipient shall:

i. Immediately notify the Producing Party of such breach in writing and by faster means to prevent further damage if warranted;

ii. Investigate the breach and cooperate with the Producing Party to address and remedy the breach;

iii. The Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access;

iv. After notification, the Receiving Party shall keep the Producing Party informed of remediation efforts.

v. Describe the incident and the Protected Information accessed without authorization and provide sufficient information to the Producing Party such that the Producing Party can reasonably ascertain the size and scope of the breach;

vi. Make effort and take necessary steps to address to the Producing Party's satisfaction that further breaches in the future will not occur and to address publicity regarding the breach, including that the Receiving Party shall take such actions as are required by applicable laws, including privacy laws;

vii. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect Protected Information from unauthorized disclosure.[6]

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL", or "FOREIGN CONFIDENTIAL PERSONAL DATE" that Party must:

(a) promptly within 7 days, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly within 7 days, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "FOREIGN CONFIDENTIAL PERSONAL DATA" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[6] The parties intend 7.7 to add more detailed procedures in an effort to prevent controversy related to privileges and protections and lead to more orderly resolution of issues so that the parties do not unnecessarily involve the Court.

Formatted: Normal, Level 3, Indent: First line: 0.75"

9.	A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
	LITIGATION

	(a) The terms of this Order are applicable to information produced by a Non-Party in this
action and designated as "CONFIDENTIAL." "HIGHLY CONFIDENTIAL", or "FOREIGN
CONFIDENTIAL PERSONAL DATA." Such information produced by Non-Parties in connection
with this litigation is protected by the remedies and relief provided by this Order. Nothing in these
provisions should be construed as prohibiting a Non-Party from seeking additional protections.

	(b) In the event that a Party is required, by a valid discovery request, to produce a Non-
Party's confidential information in its possession, and the Party is subject to an agreement with the
Non-Party not to produce the Non-Party's confidential information, then the Party shall:

		(1) promptly within 7 days, notify in writing the Requesting Party and the Non-Party
that some or all of the information requested is subject to a confidentiality agreement with a Non-
Party;

		(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in
this litigation, the relevant discovery request(s), and a reasonably specific description of the
information requested; and

		(3) make the information requested available for inspection by the Non-Party.

	(c) If the Non-Party fails to object or seek a protective order from this court within 14
days of receiving the notice and accompanying information, the Receiving Party may produce the
Non-Party's confidential information responsive to the discovery request. If the Non-Party timely
seeks a protective order, the Receiving Party shall not produce any information in its possession or
control that is subject to the confidentiality agreement with the Non-Party before a determination by
the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of
seeking protection in this court of its Protected Material.

10.	UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

	If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
Material ("Data Breach") to any person or in any circumstance not authorized under this Stipulated

REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) give the Designating Party a description of the nature of the breach (including, where possible, categories and approximate number of data subjects and personal data records concerned), (c) give a description of the likely consequences, (d) use its best efforts to retrieve all unauthorized copies of the Protected Material, (e) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (f) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, (g) give the details of a contact point from whom designating party can obtain more information, and (h) document all facts relating to the Data Breach, including its effects and any remedial action taken and keep a record there of.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

The production of privileged or work-product doctrine protected documents, electronically stored information (ESI) or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding with respect to (a) those documents; (b) any other communications or document relating to the subject matter of those documents; or (c) any other communications or documents relating to the individuals or entities who sent, received or are named in those documents. These protections apply irrespective of the degree of care taken by the Producing Party in (1) preventing disclosure, it being expressly

recognized that the Producing Party is not obligated to engage in any pre-production review of the documents to identify Privileged Materials; or (2) rectifying disclosure, it being further recognized that the Producing Party shall have no obligation to engage in post-production review to determine whether it has produced any Privileged Materials. The Parties reserve the right to challenge any assertion by the Producing Party of attorney- client privilege or work product protection with respect to any particular document or collection/compilation of documents or data.

The Parties further agree that if a Party receiving information or documents independently determines that the Producing Party produced information that reasonably appears to be subject to a claim of privilege or of protection as trial-preparation material, the Receiving Party shall notify the Producing Party or Parties of the apparent inadvertent disclosure, and (a) must promptly return, sequester, or destroy the specified information and any copies it has; (b) must not review, use or disclose the information; (c) must take reasonable steps to retrieve the information if the Party disclosed it before making the independent determination that the document was privileged; and (d) may promptly present the information to the court under seal for a determination of the claim. If the substance of the protected document is discussed in a deposition prior to the time of discovery or notification of the inadvertent disclosure, the Parties agree that such testimony may not be used for any purpose until the dispute is resolved by agreement of the Parties or by Court order. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.[7]

12.   MISCELLANEOUS

     12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future, or by agreement by the Parties.

     12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

---

[7] The parties intend the addition to paragraph 11 to add more detailed procedures in an effort to prevent controversy related to privileges and protections and lead to more orderly resolution of issues so that the parties do not unnecessarily involve the Court.

REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

1   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

2   Party waives any right to object on any ground to use in evidence of any of the material covered by

3   this Protective Order.

4          12.3    Filing Protected Material. Without written permission from the Designating Party or a

5   court order secured after appropriate notice to all interested persons, a Party may not file in the

6   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

7   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

8   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

9   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

10  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

11  protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

12  to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in

13  the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

14  13.     NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS

15          This Order shall not enlarge or affect the proper scope of discovery in this or any other

16  litigation, nor shall this Order imply that Protected Information is properly discoverable, relevant,

17  or admissible in this or any other litigation. Each Party reserves the right to object to any

18  disclosure of information or production of any documents that the Producing Party designates as

19  Confidential, Highly Confidential, or Foreign Confidential Personal Data on any other ground it

20  may deem appropriate. Neither the entry of this Order, nor the designation of any Discovery

21  Material as Confidential, Highly Confidential, or Foreign Confidential Personal Data, nor the

22  failure to make such designation, shall constitute evidence with respect to any issue in this or any

23  other litigation. The entry of this Order shall be without prejudice to the rights of the Parties, or

24  any one of them, or of any Non-Party to assert or apply for additional or different protection.

25  14.     FINAL DISPOSITION

26          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

27  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

28

**Formatted:** Normal, Right:  0"

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 22, 2023          SHOOK, HARDY & BACON L.L.P.

                                   By: /s/ Edward Gaus
                                       Frank Kelly
                                       Amir Nassihi
                                       Edward Gaus
                                       Attorneys for Defendant
                                       BAYER HEALTHCARE LLC,
                                       erroneously sued as BAYER
                                       CORPORATION

Dated: September 22, 2023          ARNS DAVIS LAW

                                   By: /s/Shounak Dharap
                                       Robert Arns
                                       Jonathan E. Davis
                                       Zachariah Hansen
                                       Shounak Dharap
                                       *Attorneys for Plaintiffs*

REVISED [PROPOSED] STIULATED PROTECTIVE ORDER

1    *BEN CASILLAS JR., APRIL*
     *CASILLAS; SAUL SANCHEZ,*
2    *LILIAN SOTO, ET AL.*

3

4    PURSUANT TO STIPULATION, IT IS SO ORDERED.

5

6    DATED: _____  _____

7                                    The Honorable Araceli Martinez-Olguin

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____