Robert S. Arns, SBN. 65071, rsa@arnslaw.com
Jonathan E. Davis, SBN 191346, jed@arnslaw.com
Shounak S. Dharap, SBN 311557, ssd@arnslaw.com
Robert C. Foss, SBN 275489, rsa@arnslaw.com
**ARNS DAVIS LAW**
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS JR, by and through his successor-in-interest, April Casillas; APRIL CASILLAS; SAUL SANCHEZ; and LILLIAN SOTO,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE LLC and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:23-cv-01609-AMO<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Honorable Aracelli Martinez-Olguin** |

The following is a complaint for damages brought on behalf of Decedent and Plaintiff Ben Casillas Jr., by his successor-in-interest, April Casillas, as well as wrongful death claims on behalf of April Casillas, Rocky Casillas, and Vina Casillas. Plaintiffs allege on information and belief as follows:

**PARTIES**

1. Decedent BEN CASILLAS JR. was a resident of the State of California.
2. Plaintiff APRIL CASILLAS was the lawfully married spouse of BEN CASILLAS JR at all relevant times within this complaint and is a resident of the State of California.
3. Plaintiff ROCKY CASILLAS is a minor, and the son of Plaintiff APRIL CASILLAS and Decedent BEN CASILLAS JR.
4. Plaintiff VINA CASILLAS is a minor, and the daughter of Plaintiff APRIL CASILLAS and BEN CASILLAS JR.
5. Plaintiffs ROCKY CASILLAS and VINA CASILLAS bring this action by and through their Guardian ad Litem, BEN CASILLAR, JR., who has applied to be appointed as their guardian ad litem to bring this action.
6. Defendant Bayer Healthcare LLC has its principal place of business in California located at 800 Dwight Way, Berkeley, California 94710. DEFENDANT BAYER HEALTHCARE LLC is in the business of biomanufacturing within the State of California.
7. The true names and capacities of Defendants sued in the Complaint under the fictitious names of Does 1 through 100, inclusive, are unknown to Plaintiffs who therefore sue such Defendants by such fictitious names.
8. All Defendants described above shall collectively be referred to as "Defendants" in this Complaint.
9. Whenever reference is made in this complaint o any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants named in that cause of action.

10. Whenever reference is made in this complaint to any act of any corporate or other business Defendant, such allegation shall mean that such corporation or other business did the acts alleged in the Complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

11. At all relevant times, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of said agency or representation or employee with respect to the causes of action in this Complaint.

12. At all relevant times, each Defendant has committed the acts, caused other to commit the acts, or permitted others to commit the acts referred to in this complaint.

## VENUE

13. Venue in this action is proper in the County of Alameda based upon the fact that the injury suffered by Plaintiffs herein occurred at a location controlled by the County of Alameda.

## FACTUAL ALLEGATIONS

14. On or about January 17, 2023, Plaintiffs BEN CASILLAS JR was in the course and scope of his employment with his employer, Anderson Commercial Flooring. BEN CASILLAS JR wase employed as a Key Installer working at Bayer West Berkeley Manufacturing Facility, located at 800 Dwight Way, Berkeley, California 94710 ("Subject Premise").

15. On or about January 17, 2023, Defendant Bayer Healthcare LLC had contracted with Anderson Commercial Flooring to perform a repair job inside the imaging lab of the Bayer West Berkeley Manufacturing Facility.

16. On or about January 17, 2023, Plaintiff BEN CASILLAS JR suffered severe 2nd and 3rd degree burns to their entire body when the fire occurred inside the imaging lab of the Subject Premise.

17. On or about February 27, 2023, Plaintiff BEN CASILLAS JR passed away due to his injuries suffered on January 17, 2023.

# FIRST CAUSE OF ACTION

## NEGLIGENCE – PERSONAL INJURY AND WRONGFUL DEATH

18. Plaintiffs reallege and incorporate by reference paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. That at said time and place, as aforesaid, the Defendants, and each of them, owed a duty of reasonable care toward BEN CASILLAS JR and others based upon Defendant's ownership, possession, and operation of the subject premise where the injury causing incident occurred. Said duty was based upon Defendants' contractual obligations, custom and practice in the industry, right to control the details of the work, exercised control over the details of the work, authority to control the details of the work, and the coordination of the details of the work, and the commission of affirmative acts that resulted in said injury and death to BEN CASILLAS JR.

20. Additionally, said duty is based on the requirements of Civil Code § 1714 requiring all persons to act in a reasonable manner toward others.

21. Furthermore, said duty is based on the requirements of Defendants, and each of them, to provide a safe place for BEN CASILLAS JR to work pursuant to Labor Code § 6400.

22. Defendants, and each of them, breached said duty by negligently, carelessly, and recklessly, constructing, coordinating, inspecting, maintaining, contracting, subcontracting, supervising, controlling, engineering, designing, performing, planning and holding out for bid, construction work and supplying men and materials for the job site referred to herein, in that Defendants failed to coordinate and control the work being performed on said job site in a safe and proper manner, thereby creating a risk of injury to persons working on said job site.

23. That at said time and place, as aforesaid, the Defendants, and each of them, owed a duty of reasonable care toward BEN CASILLAS JR and others based upon the requirements of Labor Code § 6400.

24. That at said time and place, as aforementioned, Defendants, and each of them, were

-4-

statutory employers, pursuant to Labor Code §§ 6400, 6401, and 6403, as Defendants, and each of them, created the subject dangerous condition, had the authority to correct the subject dangerous condition, were aware of the subject dangerous condition, or were responsible for remedying the subject dangerous condition to which BEN CASILLAS JR was exposed.

25. That at said time and place, BEN CASILLAS JR was within the class of workers who were intended to be protected by the Labor Code regulations and protected under the dictates of Cal-OSHA regulations.

26. Defendants, and each of them, breached said duty by negligently violating the dictates of Labor Code § 6400 et seq. by failing to provide BEN CASILLAS JR with a safe place to work.

27. Additionally, Defendants, and each of them, violated the following Cal-OSHA regulations, including, but not limited to: Title 8, §§ 3380, 6151(c), 1922(a)(1), as well as other ordinances enacted to protect BEN CASILLAS JR from the type of injury here incurred. These specific obligations imposed on Defendants to provide BEN CASILLAS JR with the proper PPE to avoid this type of injury, as well as fire extinguishers. As a direct and proximate cause of said violations, BEN CASILLAS JR suffered severe physical injury, and eventual death.

28. As a result of the foregoing negligence and breach of duty, BEN CASILLAS JR suffered severe personal injury when the PPE provided by DEFENDANT BAYER HEALTHCARE LLC caught on fire while performing their work of removing a lag bolt from the floor. The work they were doing created hot sparks, which coupled with the alcohol used to sanitize, caused BEN CASILLAS JR's PPE to catch fire. Furthermore, BEN CASILLAS JR suffered severe personal injury due to the lack of fire extinguishers readily available, which eventually caused BEN CASILLAS JR to pass away.

29. Additionally, as a direct and proximate result of the aforesaid negligence, breach of duty, and said violations, BEN CASILLAS JR sustained injury to his person, incurred wage

loss, medical expenses, and other expenses when his PPE caught on fire and were unable to extinguish the flame. BEN CASILLAS JR ultimately passed away due to his injuries. Plaintiffs APRIL CASILLAS, ROCKY CASILLAS, and VINA CASILLAS suffered injuries and damages in the form of loss of love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support.

## SECOND CAUSE OF ACTION
## PREMISE LIABILITY – PERSONAL INJURY AND WRONGFUL DEATH

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29, inclusive, as if fully set forth herein.

31. That at said time and place, as aforementioned, the Defendants, and each one of them, owed a duty of reasonable care toward BEN CASILLAS JR and others based upon Defendants' ownership, possession, and operation of the subject premise where the injury causing event occurred. Said duty was based upon Defendants' contractual obligations, custom and practice in the industry, right to control the details of the work, exercised control over the details of the work, authority to control the details of the work, the coordination of the details of the work, and the commission of affirmative acts that resulted in said injury to BEN CASILLAS JR.

32. Defendants, and each of them, breached said duty by negligently, carelessly, and recklessly, inspecting, maintaining, contracting, subcontracting, supervising, controlling, engineering, designing, and performing work on the Subject Premise.

33. Defendants, and each of them, were negligent *per se* under the regulations applicable to the Subject Premise.

34. Defendants, and each of them, were negligent for failure to do any safety inspection of the Subject Premise as required by law, at any time.

35. Defendants, and each of them, breached said duty by negligently violating the dictates of Labor Code § 6400, et seq. by failing to provide BEN CASILLAS JR with a safe place

to work.

36. Additionally, by failing to provide portable fire extinguishers that are readily accessible to employees without subjecting them to possible injury, Defendant created, or failed correct, or maintained an unsafe workplace in violation of Cal-OSHA regulation § 6151(c), and other ordinances enacted to protect the class of worker here from the type of injury incurred. These specific obligations imposed on Defendants and apply to the hazardous condition of failing to provide accessible portable fire extinguishers, that ultimately caused Plaintiffs BEN CASILLAS JR to suffer second and third degree burns on their entire body. As a direct and proximate cause of said violations, Plaintiff BEN CASILLAS JR suffered severe physical injuries. BEN CASILLAS JR ultimately passed away due to his injuries.

37. Further, as a result of the negligence of Defendants, BEN CASILLAS JR sustained severe injury to his person, incurred wage loss, medical expenses, and other expenses, such as pain and suffering, when his PPE caught on fire and was unable to extinguish the fire as no portable fire extinguisher was readily accessible, which eventually caused BEN CASILLAS JR to pass away. Plaintiffs APRIL CASILLAS, ROCKY CASILLAS, and VINA CASILLAS suffered injuries and damages in the form of loss of love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support.

## THIRD CAUSE OF ACTION

## **SURVIVAL ACTION**

38. Plaintiffs reallege and incorporate by reference paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. At all times relevant hereto, Defendants, and each of them, negligently, carelessly, recklessly, or unlawfully acted or failed to act so as to cause the injuries and subsequent death of the Decedent BEN CASILLAS JR. Decedent was seriously injured by

DEFENDANTS on January 17, 2023, and succumbed to those injuries on February 27, 2023.

40. Causes of Action One and Two, therefore, survive the death of Decedent and accordingly pass to the personal representative of his estate or successor-in-interest pursuant to Code of Civil Procedure § 377.20.

41. As a direct and legal result of the wrongful acts or omissions of the Defendants, and each of them, on January 17, 2023, and prior to the Decedent's death, Decedent suffered personal injuries and emotional distress and incurred damages relating to medical care and emergency services. Plaintiffs also suffered injury and damages related to the identification or removal of Decedent's body, coroner services, funeral services, burial expenses, rental expenses, and removal and storage of personal effects.

42. It was reasonable and foreseeable that as a direct and proximate result of the acts, omissions and negligence of Defendants, and each of them, and each of their breaches of duty, that Decedent would be injured, then die, and caused to sustain economic damages, as well as damages for pain, suffering, and disfigurement.

43. The acts, omissions, or negligence of Defendants, and each of them, were a substantial factor in causing Decedent's injuries and resulting death. The acts, omissions, or negligence of Defendants, and each of them, were the direct and proximate cause of the injuries and damages sustained by Decedent.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. Plaintiffs request repayment of all special damages incurred, according to proof, including, but not limited to, all past and future wage loss, hospital, and medical expenses.
2. Plaintiffs requests all general damages according to proof.
3. Plaintiffs request all damages recoverable by Decedent BEN CASILLAS JR prior to his death, for pain, suffering, mental anguish and disfigurement;
4. For all prejudgment interest as allowed by law.
5. For all attorneys fees as allowed by law.
6. For cost of suit incurred herein.
7. For such other and further relief as the Court deems just and proper.
8. For a jury trial on all issues allowed by law.

ARNS DAVIS LAW FIRM

By:_____
ROBERT S. ARNS
Attorneys for Plaintiff