FRANK KELLY (SBN 83473)
fkelly@shb.com
AMIR NASSIHI (SBN 235936)
anassihi@shb.com
EDWARD B. GAUS (SBN 289561)
egaus@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
Fax: (415) 391-0281

Attorneys for Defendant
BAYER HEALTHCARE LLC,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CASILLAS, JR., by and through his successor in interest, April Casillas; APRIL CASILLAS; SAUL SANCHEZ; and LILLIAN SOTO<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 3:23-cv-01609-AMO<br><br>**DEFENDANT BAYER HEALTHCARE LLC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>Amended Complaint Filed: September 25, 2023 |

Defendant BAYER HEALTHCARE LLC ("Defendant"), hereby files its Answer and Affirmative Defenses to the First Amended Complaint ("FAC") of Plaintiffs BEN CASILLAS, JR., by and through his successor in interest, April Casillas; APRIL CASILLAS; SAUL SANCHEZ; and LILLIAN SOTO (collectively, "Plaintiffs") as follows:

**PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the FAC, and therefore denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the FAC, and therefore denies the same.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the FAC, and therefore denies the same.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the FAC, and therefore denies the same.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the FAC, and therefore denies the same.

6.     Defendant admits that it has a manufacturing facility located at 800 Dwight Way, Berkeley, California 94710. Defendant denies that it its principal place of business is California. At the time of the commencement of this action, Defendant was a Delaware limited liability company.

7.     The allegations set forth in Paragraph 7 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the FAC, and therefore denies the same.

8.     The allegations set forth in Paragraph 8 do not require a response.

9.     The allegations set forth in Paragraph 9 do not require a response.

10.    The allegations set forth in Paragraph 10 do not require a response.

11.    The allegations set forth in Paragraph 11 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the FAC, and therefore denies the same.

12.    The allegations set forth in Paragraph 12 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the FAC, and therefore denies the same.

**VENUE**

13.    The allegations set forth in Paragraph 13 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant does not dispute that

venue is proper based on the allegations in the FAC.

# FACTUAL ALLEGATIONS

14. Defendant admits that on or about January 17, 2023, Ben Casillas Jr. was employed by Anderson Commercial Flooring and was assigned to work at Defendant's West Berkeley Manufacturing facility, located at 800 Dwight Way, Berkeley, California 94710. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant admits that on January 17, 2023, Defendant had a Master Services Agreement with Anderson Commercial Flooring to perform various projects at Defendant's West Berkeley Manufacturing facility. Defendant denies the remaining allegations of Paragraph 15.

16. Defendant is without knowledge or information to form a belief as to the allegations in Paragraph 16 and therefore denies the same.

17. Defendant is without knowledge or information to form a belief as to the allegations in Paragraph 17 and therefore denies the same.

# FIRST CAUSE OF ACTION

## NEGLIGENCE – PERSONAL INJURY AND WRONGFUL DEATH

18. The allegations in Paragraph 18 incorporate by reference each and every allegation in the FAC, and do not require a response by Defendant. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. The allegations set forth in Paragraph 20 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21. The allegations set forth in Paragraph 21 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. The allegations set forth in Paragraph 23 call for a legal conclusion and do not require

a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24. The allegations set forth in Paragraph 24 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25. The allegations set forth in Paragraph 25 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the FAC, and therefore denies the same.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

## SECOND CAUSE OF ACTION

## PREMISE LIABILITY – PERSONAL INJURY AND WRONGFUL DEATH

30. The allegations in Paragraph 30 incorporate by reference each and every allegation in the FAC, and do not require a response by Defendant. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. The allegations set forth in Paragraph 35 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36. The allegations set forth in Paragraph 36 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in

Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

### THIRD CAUSE OF ACTION

### SURVIVAL ACTION

38. The allegations in Paragraph 38 incorporate by reference each and every allegation in the FAC, and do not require a response by Defendant. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. The allegations set forth in Paragraph 40 call for a legal conclusion and do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

Without admitting any facts alleged by Plaintiffs, Defendant pleads the following separate and affirmative defenses to Plaintiffs' Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

44. Plaintiffs' Complaint and alleged causes of action, and each of them, fail to set forth facts sufficient to constitute a cause of action against Defendant, including the failure to demonstrate Defendant owed any duty to Plaintiffs or was the proximate cause of any harm to Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs Lack Standing)

45. Plaintiffs lack legal standing to maintain some or all of the claims it has asserted against Defendant in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

46. Plaintiffs' Complaint and alleged causes of action, and each of them, are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, Sections 337.1, 337.15, 338, and 339 of the California Code of Civil Procedure. By reason thereof, some or all Plaintiffs are barred, in whole or in part, from recovering damages from Defendant.

### FOURTH AFFIRMATIVE DEFENSE
**(Estoppel/Waiver)**

47. Plaintiffs are barred, in whole or in part, by the doctrines of estoppel and/or waiver. By reason thereof, some or all Plaintiffs are barred, in whole or in part, from recovering damages from Defendant.

### FIFTH AFFIRMATIVE DEFENSE
**(Implied Consent/Consent)**

48. Plaintiffs are barred in whole or in part by the doctrine of implied consent and/or consent. Plaintiffs or their predecessors in interest consented, resolved or waived claims concerning some or all of the activities alleged in the Complaint. By reason thereof, Plaintiffs are barred, in whole or in part, from recovering damages from Defendant.

### SIXTH AFFIRMATIVE DEFENSE
**(Comparative Fault)**

49. Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of comparative negligence in that Plaintiffs' own negligent acts contributed to or caused some or all of the alleged damage in Plaintiffs' Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
**(Apportionment Of Fault)**

50. The injuries allegedly sustained by Plaintiffs, in whole or in part, were the direct and proximate result of the acts, omissions, negligence or wrongdoing of other persons or entities such that these other persons or entities are principally, primarily or solely responsible for Plaintiffs' alleged injuries.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure To Mitigate Damages)**

51. Plaintiffs have failed to exercise reasonable efforts to minimize or avoid any damages which are alleged to have been caused by Defendant. By reason thereof, Plaintiffs are barred, in whole or in part, from recovering damages from Defendant and Defendant's liability to Plaintiffs, if any, should be apportioned, denied or reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(Intervening Superseding Causes)**

52. Defendant is informed and believes and on that basis alleges that the Complaint, and each of its purported causes of action, are barred in whole or in part by intervening and superseding causes.

**TENTH AFFIRMATIVE DEFENSE**

**(Assumption Of Risk)**

53. Plaintiffs knowingly assumed the risk of any injury or damage alleged in the Complaint. By reason thereof, Plaintiffs are barred, in whole or in part, from recovering damages from Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Open and Obvious)**

54. Defendant is informed and believes, and on such information and belief alleges that at all times mentioned in the Complaint that the conditions of the premises and/or property were open and obvious.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Absence of and/or Delegation of Duty of Care for Safety of Contractor's Employee(s))**

55. Defendant contracted with Plaintiffs' employer for services to be performed on Defendant's property by Plaintiffs' employer, its employees, agents, and those others, including but not limited to the Plaintiffs, under the sole responsibility, authority, supervision, control, and direction of Plaintiffs' employer, for whom Defendant owed no duty of care, including, but not limited to, common law, statutory, or regulatory duty, for the safe performance of the services by

Plaintiffs' employer, its employees, agents, and others performing services on its behalf, including but not limited to, the Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Collateral Source Rule)**

56. To the extent Plaintiffs have recovered payment for any of the injuries alleged in their Complaint from any collateral source, Plaintiffs' recovery, if any, should be reduced to the extent allowed by applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses/Right to Amend)**

57. Defendant reserves the right to plead all applicable affirmative defenses to any claims Plaintiffs have not properly pled but may later try to assert.

58. Defendant has not knowingly or intentionally waived any applicable affirmative defense; and therefore, reserves the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that Defendant determines are not applicable during the course of subsequent discovery.

### PRAYER

WHEREFORE, Defendants prays for the following relief:

1. For dismissal of Plaintiffs' Complaint with prejudice;
2. For judgment in favor of Defendant against Plaintiffs;
3. For the costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: October 6, 2023

SHOOK, HARDY & BACON L.L.P.

By: _____
Edward B. Gaus
Frank Kelly
Amir Nassihi
Attorneys for Defendant
BAYER HEALTHCARE LLC,

8
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 3:23-cv-01609-AMO

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Shook, Hardy & Bacon LLP, 555 Mission Street, Suite 2300, San Francisco, CA  94105.  On October 6, 2023, I served the within document(s):

**ANSWER TO COMPLAINT**

☐   ELECTRONIC - by electronically transmitting the document(s) listed above to the email addressee(s) listed below

☒   MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below

☐   OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Fed Ex.

I declare under penalty of perjury, that the above is true and correct.  Executed on October 6, 2023, at San Francisco, California.

*Sharon Teater*
Sharon Teater

| | |
|---|---|
| Robert S. Arns, SBN 65071<br>rsa@arnslaw.com<br>Jonathan E. Davis, SBN 191346<br>jed@arnslaw.com<br>Zachariah D. Hansen, SBN 267755<br>zdh@arnslaw.com<br>ARNS DAVIS LAW FIRM<br>515 Folsom Street, 3rd Floor<br>San Francisco, CA 94105<br>Tel: (415) 495-7800 | Fax: (415) 495-7888 | Plaintiffs |