UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEN CASILLAS, et al.,

    Plaintiffs,

v.

BAYER CORPORATION,

    Defendant.

Case No. 23-cv-01609-AMO

**DISCOVERY AND SCHEDULING ORDER**

Re: Dkt. Nos. 65, 66, 67

Before the Court are several motions seeking changes to the case schedule and a discovery letter brief. The matters are fully briefed and suitable for decision without oral argument. Accordingly, any hearings set by the parties associated with these motions are hereby **VACATED**. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby rules as follows.

**I.    MOTIONS SEEKING RELIEF FROM SCHEDULING ORDER**

Two of the parties' pending motions seek relief from the Court's scheduling order on separate bases.

Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the judge's consent" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Mammoth Recreations*, 975 F.2d at 609). "Although the existence or degree of prejudice to the party opposing the modification might

supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Mammoth Recreations*, 975 F.2d at 609 (citation omitted).  If the moving party fails to show diligence, "'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Mammoth Recreations*, 975 F.2d at 609).

    **A.**    **Defendant and Third-Party Plaintiff Bayer Healthcare LLC's Motion for Leave to Take Deposition After Fact Discovery Cutoff**

On October 31, 2023, the Court granted the parties' stipulated request to modify the case schedule.  ECF 45.  The new case scheduling order set the close of fact discovery as June 28, 2024.  *Id.*  On June 28, 2024, the last day of fact discovery, Defendant and Third-Party Plaintiff Bayer Healthcare, LLC ("Bayer") moved pursuant to Civil Local Rules 16-2(d) and 37-3 for leave to take a deposition after the fact discovery cutoff.  ECF 65.  In particular, Bayer's motion seeks leave to take the deposition of fact witness Noel Curry, the lead investigator for California Division of Occupational Safety and Health ("Cal-OSHA") to the subject incident, or the appropriate Cal-OSHA employee to testify in his place, after the fact discovery cutoff.  *See id.*  Bayer initially set Curry's deposition within the time limit for fact discovery, with no objection from any party, but could not secure the deponent's appearance.  *Id.* at 3.  Bayer describes its efforts to notice and secure Curry's deposition since May 10, 2024, well prior to the close of fact discovery, as well as the frustration of its efforts due to Curry's persistent unavailability.  *Id.* at 3-5.  The Court finds that Bayer's diligent efforts and Curry's unavailability establish good cause in support of Bayer's request to take the late deposition.

Plaintiffs acknowledge that Curry has relevant fact testimony to offer, but they refused to stipulate to the late deposition based on Bayer's refusal to accept their proposed limitations on the deposition; limitations which Plaintiff, in opposition of the instant motion, asks the Court to impose.  *See* ECF 71.[1]  As the first proposed limitation, Plaintiffs seek to preclude any questioning or testimony regarding Curry's opinion with respect to the application of occupational safety and

---

[1] Third-Party Defendant Linoleum Sales Co. dba Anderson Commercial Flooring joins Plaintiff's opposition to Bayer's motion for leave to take deposition after the fact discovery cutoff.  ECF 73.

2

health standards to the facts of this case on the basis that such opinion testimony would not be admissible at trial because of California Labor Code section's 6304.5 bar on the use of Cal-OSHA employee testimony as expert opinion. The Court finds such preemptive limitation on deposition testimony inappropriate and unnecessary, particularly in light of the proviso in Federal Rule of Civil Procedure 26(b)(1) that "[i]nformation . . . need not be admissible in evidence to be discoverable."[2] The Court thus declines to impose the first limitation sought by Plaintiffs on Bayer's requested deposition.

Bayer alternatively asks the Court to permit the deposition of another "appropriate Cal-OSHA employee to testify in [Curry's] place." ECF 65. Plaintiffs insist the Court deny this alternative and argue that any other Cal-OSHA employee would only offer unfounded, hearsay testimony. *See* ECF 71 at 2. In essence, Plaintiffs preemptively object to testimony that may or may not come to light. The Court declines to issue such a preemptive ruling and thus declines to impose the second limitation sought by Plaintiffs on Bayer's requested deposition.

Overall, Plaintiffs' opposition to Bayer's request presents only proposed limitations, not meaningful argument regarding a lack of good cause or prejudice that would result from the deposition taken after the fact discovery cutoff. Good cause appearing, the Court **GRANTS** Bayer's motion.

**B.  Defendant Linoleum Sales Co. dba Anderson Commercial Flooring's Motion for Administrative Relief to Amend the Court's October 31, 2024 Scheduling Order**

As noted above, on October 31, 2023, the Court granted the parties' stipulated request to modify the case schedule. ECF 45. That scheduling order set the following deadlines: expert witness disclosures: July 18, 2024; expert witness rebuttal: August 9, 2024; close of expert discovery: August 23, 2024; filing of dispositive motions: August 30, 2024; and hearing of dispositive motions: October 3, 2024.

---

[2] If necessary, the Court will consider the admissibility of portions of Curry's testimony through motions in limine, but the Court warns that Labor Code section 6304.5 provides clear guidance regarding the inadmissibility of OSHA employee testimony as evidence.

1  Defendant Linoleum Sales Co. dba Anderson Commercial Flooring ("Anderson") moves
2  to extend the expert discovery deadlines to allow additional time to prepare expert witness
3  disclosures. ECF 66. Anderson does not propose any new dates or specify the length of time for
4  the proposed extensions. *Id.* Nonetheless, Anderson contends that additional time is necessary
5  because Bayer served some 3,554 pages of documents on the final day of fact discovery, June 28,
6  2024, and additional time is necessary to review and analyze the materials in relation to the expert
7  witness disclosures. *Id.* Much of Anderson's motion is devoted to its contentions that Bayer
8  should have served the documents much earlier within the discovery period. *See id.*; *see also*
9  Edlin Decl. (ECF 66-1) ¶ 4.

10  Anderson's argument misses the mark, as it fails to address its diligence in retaining
11  experts and how Bayer's delivery of the documents within the discovery period hindered it from
12  retaining and preparing experts by the July 18 deadline. *See* Fed. R. Civ. P. 16(b)(4). The Court
13  is left in the dark as to what Anderson's good cause may be. Anderson also fails to show how the
14  late-produced documents create prejudice, particularly given the opportunity for supplemental
15  disclosure at any time prior to the close of expert discovery under Rule 26(a)(2)(E).[3] With the
16  absence of a showing of good cause, the Court **DENIES** Anderson's motion to extend expert
17  discovery and other case deadlines.

18  **II.   DISCOVERY LETTER BRIEF**

19  Ancillary to the motions to amend deadlines discussed above, the parties submitted a joint
20  discovery letter brief. The letter brief identifies three disputes: (A) Plaintiffs' objections to
21  Requests for Admission; (B) emails identified at the May 24, 2024 deposition of David Mathie;
22  and (C) Bayer's Request for Production No. 38 to Plaintiff Saul Sanchez, seeking documents

---

[3] The supplementation of disclosures late within the discovery period does not render such production untimely, particularly in the absence of any showing that the producing party improperly or strategically withheld the materials. *See, e.g.*, *"AMY" v. Curtis*, No. 19-CV-02184-PJH, 2021 WL 1391463, at *6 (N.D. Cal. Apr. 13, 2021) (overruling an objection regarding discovery produced the day prior to the close of fact discovery because supplementing disclosures late within the discovery period, rather than after the close of discovery, did not render such disclosures untimely).

4

reflecting communications between Plaintiff's counsel and counsel for Anderson Commercial Flooring.  The Court takes up these issues in turn.

### A. Plaintiffs' Objections to Requests for Admission

The parties dispute the appropriateness and effect of Plaintiffs' objections to several requests for admission that call for the authentication of documents.  Bayer seeks authentication of (1) Exhibit 496, a written statement submitted to OSHA on Mr. Sanchez's behalf, (2) Exhibit 503, copies of Mr. Sanchez's phone records from January 17, 2023, and (3) Exhibits 519 and 580, Ben Casillas, Jr.'s phone records.  Plaintiffs object to what they view as Defendant Bayer's expansive definition for the term "YOUR," which includes not just the Responding party, but: "your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators and anyone else acting on your behalf."  ECF 67 at 2.  Plaintiffs seek to protect against disclosure of materials protected by certain privileges, and Plaintiffs seek to avoid the significant burden associated with collecting all statements made to Cal-OSHA by Plaintiff's Counsel.

Because the parties have not submitted the relevant discovery requests and responses, the Court declines to specifically rule on Plaintiffs' objections at this time.  However, the Court **ORDERS** Plaintiffs to produce a privilege log as required by Section I(5) of the Court's Civil Standing Order.  To the extent Plaintiffs aim to avoid producing or authenticating documents reflecting communications between Plaintiffs' counsel and Cal-OSHA related to this case on the basis of privilege, Plaintiffs have failed to identify a basis for withholding discovery responses.  The Court does not expect Plaintiffs' counsel to produce or respond regarding counsel's communications with Cal-OSHA outside the bounds of this case, but to the extent counsel communicated about the events of the fire and investigation underlying the injuries to these Plaintiffs, Plaintiffs have no apparent basis for withholding those communications.

### B. Emails Identified at David Mathie's May 24, 2024 Deposition

In the letter brief, Bayer recounts its efforts to recover the communications between Plaintiffs' counsel and deponent David Mathie.  *See* ECF 67 at 2-3.  Though Plaintiffs contended on June 28, 2024, that Mathie had been retained as an expert and that his communications with

counsel were accordingly privileged, Plaintiffs make no such representation in the letter brief. Plaintiffs appropriately abandon their position that those communications were privileged, as they had not retained Mathie at the time of his deposition and Bayer seeks communications predating the deposition. *See* Gaus Decl. ¶ 13 (noting that Mathie stated at his deposition that he had not been retained as an expert). Bayer is entitled to review all non-privileged communications with the non-party and non-retained witness, especially in light of counsel's earlier failures to object to such production. Plaintiffs' counsel shall produce the requested records of its communications with Mathie from the period preceding his deposition. For any materials withheld, counsel shall produce a privilege log as required by Section I(5) of the Court's Civil Standing Order.

### C. Bayer's Request for Production No. 38 to Plaintiff Saul Sanchez

Bayer seeks production of communications between Plaintiffs' Counsel and Counsel for Anderson Flooring. Plaintiffs object on the basis of privilege, asserting the "common interest" doctrine shields their communications. The Court does not decide at this time the applicability of the common interest doctrine to protect counsels' communications as privileged because, in the absence of a privilege log, which is required by Section I(5) the Court's Civil Standing Order, neither Bayer nor the Court can fully ascertain the assertion of the privilege. The Court **GRANTS** Bayer's requested relief and **ORDERS** Plaintiffs' counsel: (1) to serve a privilege log as to communications to which Plaintiffs seek to assert the common interest doctrine; and (2) to produce responsive documents as to communications to which Plaintiffs do not assert the common interest doctrine.

### III. CONCLUSION

The Court **ORDERS** that Bayer may take the deposition of fact witness Noel Curry or, if Curry remains unavailable, the appropriate Cal-OSHA employee. Bayer shall notice and complete the deposition within 42 days from the date of this Order.

The Court **DENIES** Anderson's motion to modify the case schedule because Anderson fails to show good cause for the modification.

Within three (3) days from the date of this order, Plaintiffs shall produce the materials identified above. Also within three (3) days from the date of this order, for all materials withheld

pursuant to privilege, Plaintiffs shall produce a privilege log as required by Section I(5) of the Court's Civil Standing Order. Any motion to compel or challenge to an assertion of privilege shall be filed within seven (7) days of Bayer's receipt of the privilege log.

**IT IS SO ORDERED.**

Dated: July 16, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**